# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL BOND,**

        **Plaintiff,**

**v.**                                    **Case No. 12-C-1050**

**CHASE HOME FINANCE LLC,**

        **Defendant.**

## DECISION AND ORDER

This matter is before the Court on the motions of pro se Plaintiff Michael ("Bond") for leave to proceed *in forma pauperis* in this action against Defendant Chase Home Finance LLC ("Chase Home"), and for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Liberally construed, Bond requests a preliminary injunction barring Chase Home from moving forward with state court eviction proceedings against him. Generally, the Court does not consider a motion for injunctive relief unless the defendant has been served and entered an appearance. However, given Bond's pro se status and the immediacy of the purported eviction proceeding, the motion is addressed herein.

## PRELIMINARY INJUNCTION MOTION

With respect to Bond's motion, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008). Moreover, when a federal litigant wants to stay or enjoin a state court proceeding, additional considerations are brought into play requiring that the Court's analysis begin with the Anti-Injunction Act, 28 U.S.C. § 2283. "The Act is designed to prevent unnecessary friction between state and federal courts and to protect state court's from federal interference." *Ramsden v. AgriBank, FCB,* 214 F.3d 865, 868 (7th Cir. 2000); *Zurich Am. Ins. Co. v. Superior Ct. of State of Cal.*, 326 F.3d 816, 824 (7th Cir. 2003) ("The Act rests on the 'fundamental constitutional independence of the States and their courts,' and its purpose is to make the dual system of state and federal courts work without 'needless friction.'") (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286-87 (1970)). Bond has not provided a state court case number in his filings and this Court's independent review of the public records available through the online Wisconsin circuit court access, http://wcca.wicourts.gov/index.xsl, does not disclose that any eviction action is pending against Bond.

Thus, the Court will consider the criteria required to justify a preliminary injunction. In order to obtain injunctive relief, Bond must show that he is likely to succeed on the merits of its claims, that he is likely to suffer irreparable harm without an injunction, that the harm that he would suffer without an injunction is greater than the harm that preliminary relief would inflict upon Chase Home and that the injunction is in the public

interest. *See Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 769 (7th Cir. 2011) *cert. denied*, __ U.S. __ , 132 S.Ct. 1635 (Feb. 27, 2012).

"The likelihood of success on the merits is an early measurement of the quality of the underlying lawsuit, while the likelihood of irreparable harm takes into account how urgent the need for equitable relief really is." *Id.* at 788. These considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.,* 582 F.3d 721, 725 (7th Cir. 2009). In considering irreparable harm, the question is whether the party seeking relief will suffer irreparable harm in the interim period prior to the resolution of its claims. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am. Inc.,* 549 F.3d 1079, 1086 (7th Cir. 2008).

*Factual Background*

Liberally construed, Bond's verified Complaint[1] states that Bond was a tenant at a rental property located at 2551 North 39th Street, Milwaukee, Wisconsin (the "Property"). Bond and his six dogs have resided at the Property for a number of years.

Following the March 23, 2011, foreclosure upon the Property, Chase Home purchased the Property for $136,000. According to Bond, the purchase price was nearly $100,000 in excess of the "normal price" for property of that age, condition, and location.

Subsequently, Bond offered to purchase the Property for the same amount that

---

[1] Bond has sworn under penalty of perjury that the allegations of his Complaint are true and correct and has thus verified his Complaint under 28 U.S.C. § 1746. Therefore, the Court has considered the factual allegations of Bond's Complaint as if they were made in an affidavit. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985). However, unsupported, conclusory statements and legal arguments are not recitations of "'fact' to which an affiant is competent to testify." *Id.* at 862.

Chase Home paid, with a $20,000 down payment. Chase Home refused to sell the Property to Bond unless he paid $130,000.00, and is threatening to evict him from the Property. Bond alleges that Chase Home is discriminating against him by refusing to sell the Property to him for the same price as it would sell the Property to other consumers, and is harassing him by threatening to evict him. Based on the foregoing, Bond claims that Chase Home has harassed and discriminated against him in violation of 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 3535(d), 3600 through 3620.

*Likelihood of Success*

With respect to the preliminary injunction, a vital consideration is Bond's likelihood of success on the merits of his claim that Chase Home has discriminated against him in refusing his offer to purchase the Property and is retaliating against him by threatening to evict him from the Property. Although Bond cites several federal statutes, his claims are problematic.

Bond cites 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980). An individual must personally

cause or participate in the alleged constitutional deprivation in order to be held liable under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ; *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009). The Court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Section 1983 actions may only be maintained against defendants who act under color of state law. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 746 (7th Cir. 2010). Consequently, the defendants in § 1983 cases are usually government officials. *Id*. Chase Home is not a government official.

Furthermore, "although private persons may also be sued under § 1983 when they act under color of state law, *id.*, they may not be sued for 'merely private conduct, no matter how discriminatory or wrongful.'" *Id*. (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Two conditions must be satisfied in order for a private party's actions to be deemed taken under color of state law: (1) the alleged deprivation of federal rights must have been caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible;[2] and, (2) the private party must be a person who may fairly be said to be a state actor. *Id*. Despite a liberal construction and construing all factual inferences in Bond's favor, the Complaint does not allege a plausible claim on its face that Chase Home acted under color of state law as required to make a claim under § 1983.

---

[2] Misuse of a state law by a private party does not satisfy this requirement. *London*, 600 F.3d at 746 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Bond also cites 42 U.S.C. § 3535(d) which is part of the Fair Housing Act (the "FHA" or the "Act"). Section 3535(d) empowers the Secretary of Housing and Urban Development to issue regulations. ("The Secretary may . . . make such rules and regulations as may be necessary to carry out his functions, powers, and duties.") That provision does not appear to be relevant to Bond's concerns.

However, Bond also cites 42 U.S.C. § 3600 through 3620 of the FHA. The Act's purpose is to "provide, within constitutional limitations, for fair housing throughout the United States." *See* 42 U.S.C. § 3601. "The Fair Housing Act is concerned with both the furtherance of equal housing opportunity and the elimination of segregated housing." *S.–Suburban Housing Ctr. v. Greater S. Suburban Bd. of Realtors*, 935 F.2d 868, 882 (7th Cir.1991) (quoting *Southend Neighborhood Improvement Ass'n v. Cnty. of St. Clair*, 743 F.2d 1207, 1209-10 (7th Cir. 1984)).

Although Bond does not reference the particular sections of the FHA upon which he relies, the FHA provides that it shall be unlawful —

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a) & (b). The FHA also prohibits discrimination in the sale or rental based on handicap. 42 U.S.C. § 3604(f)(1).

6

Bond's Complaint may fall within the ambit of § 3604. However, a critical component of a § 3604 claim is not included in Bond's Complaint. Bond's Complaint does not allege any facts that would give rise to an inference that he is a person whom Chase Home discriminated against because of race, color, religion, sex, familial status, national origin, or handicap. Bond has not alleged that he falls within any of the groups of individuals who are protected under the FHA.

> With respect to Bond's retaliation claim, the FHA also makes it unlawful –
>
> to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Depending on the circumstances of a case, a plaintiff may establish a § 3617 claim without establishing a § 3404 claim. *See Bloch v. Frischholz,* 587 F.3d 771, 782 (7th Cir. 2009). To prevail on a § 3617 claim, a plaintiff must show that (1) he is a protected individual under the FHA, (2) he was engaged in the exercise or enjoyment of his fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of his protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate. *Id*. at 783. Again, Bond's Complaint does not allege any fact that would give rise to an inference that he is a "protected individual under the FHA." *See id.* Thus, based on the factual statements in Bond's Complaint, the likelihood of his success on the merits any of his claims is doubtful.

*Irreparable Harm*

Bond does not address the harm to him. However, implicit in his request for injunctive relief is the harm that he will sustain if he is evicted from the Property. He and his six dogs will have to quickly find a new place to live. By comparison, Chase Home is the legal owner of the Property and wants to sell it. Bond has been living at the Property for over a year and a half. There is no indication that he has paid rent to Chase Home. Bond has no right to reside at the Property.

*Balancing of the Harms and Other Factors*

Balancing the harms that Bond faces if he is evicted against those presented to Chase Home's ownership interest, the Court finds that Chase Home must prevail. While Bond has no income and he has six dogs, and finding a new place to live for himself and six dogs in a short time would be difficult, Bond's legal claims are weak. He has no right to live at the Property. Bond is also interfering with Chase Home's legal interest in the Property. The harms to Chase Home's interests if a preliminary injunction were issued outweigh those claimed by Bond. The public interest also overwhelmingly favors Chase Home. In light of the foregoing, Bond's motion for a preliminary injunction is denied.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

Bond also requests leave to proceed *in forma pauperis*. To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). Bond, who is separated from his

wife, was last employed in June of 2012. He owns a 1993 Ford Excursion that he estimates is worth $300. He does not own any other valuable tangible property and has no cash or financial type of account. The only monthly expenses that Bond lists are support payments totaling $300 for his three adult children. Based on his lack of income and limited assets, Bond is unable to pay the $350 filing fee for this action.

The next question in evaluating the verified Complaint is to determine whether it states an arguable claim for relief on behalf of Bond. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

As previously indicated, Bond has not stated an arguable claim for relief under 42 U.S.C. § 1983 and the First, Fourth, Fifth, or Fourteenth Amendments to the United States Constitution. He has also not stated a plausible claim under 42 U.S.C. § 3535(d). Amendment of the Complaint with respect to such claims would be futile. Therefore, Bond's claims under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 3535(d) are dismissed without prejudice. *See Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) (holding that under § 1915(e)(2)(B) a district court has "the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status," even before service on the defendants.)

Bond's claims under § 3404 or § 3417 of the FHA are missing critical facts – there is no indication that he is a protected person under the FHA. If Bond is a protected person and wants to proceed with his claim(s) under § 3404 or § 3417 of the FHA, he must file an amended complaint on or before November 26, 2012, that includes facts that establish he falls within a protected class.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will replace the prior complaint and must be complete in itself, without any reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If an amended complaint is received by the deadline, it will be reviewed pursuant to 28 U.S.C. § 1915.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

Bond's motion for a preliminary injunction staying any state court eviction proceedings (ECF No. 4) is **DENIED**;

Bond's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**;

Bond's claims under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 3535(d) are **DISMISSED WITHOUT PREJUDICE**;

**On or before November 26, 2012**, Bond may file an amended complaint under 42 U.S.C. § 3404 or § 3417 that is complete in itself and is consistent with this Decision and Order;

**If Bond fails to file an Amended Complaint by November 26, 2012,** the Clerk of Court will enter judgment dismissing this action without further order of the Court; and

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2012.

BY THE COURT

_____
Hon. Rudolph T. Randa
U.S. District Judge

12