# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL BOND,

        **Plaintiff,**

v.                                        Case No. 12-C-1050
                                          (USCA No. 12-3614)

CHASE HOME FINANCE LLC,

        **Defendant.**

# DECISION AND ORDER

Pro se Plaintiff Michael Bond ("Bond") has filed a notice of appeal from this Court's October 22, 2012, Decision and Order denying his motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Bond also filed a motion for an automatic stay pursuant to Rule 62 of the Federal Rules of Civil Procedure.

No final judgment has been entered in this action. Therefore, the Court construes Bond's appeal as including a request to certify his appeal pursuant to 28 U.S.C. § 1292(b).

**Certification of Interlocutory Appeal**

Interlocutory appeals are governed by 28 U.S.C. § 1292(b) which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

> ultimate termination of the litigation, he shall so state in writing in such order.

An interlocutory appeal is available only when: (1) an "appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002). Thereafter, the Court of Appeals has discretion in permitting an appeal from such an order. *See* 28 U.S.C. § 1292(b); *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 624 (7th Cir. 2010) (stating that the district court must give permission to allow an interlocutory appeal before the Court of Appeals makes a final decision about an immediate appeal). The criteria under 1292(b) are "conjunctive, not disjunctive." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 676 (7th Cir. 2000). Section 1292(b) "must be used sparingly lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007).

The first statutory criterion under § 1292(b) is that there must be a question of law. A "question of law" under section 1292(b) must be a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . ." *Ahrenholz*, 219 F.3d at 676-77. Application of a legal standard is a question of law. *In re Text Messaging Antitrust Litig.*, 630 F.3d at 626. The preliminary injunction

2

decision in question does not involve a pure question of law. Instead, it would require the court of appeals to examine the Complaint and the causes of action alleged in that Complaint.

The second statutory criterion under § 1292(b) is that the question of law must be controlling. The cases do not interpret the term literally. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996). "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Id.* (citations omitted)). The questions of law presented by the denial of the preliminary injunction are arguably controlling since the Court determined that the likelihood of Bond's success on the merits of any of his claims was doubtful. However, Bond also was permitted to amend his Complaint with respect to his claims under 42 U.S.C. § 3404 and/or § 3417. On October 24, 2012, Bond filed an amended Complaint and a renewed motion for a preliminary injunction. To date, neither have been addressed by the Court because Defendant Chase Home Finance LLC ("Chase Home") appeared in this action on November 1, 2012, and still has time to respond to those filings. Thus, some of the legal issues will be revisited by this Court.

The third statutory criterion under § 1292(b) is that the question of law must be contestable; i.e., that "substantial grounds for a difference of opinion on the issue exist." Bond fails to meet this criterion. The Court evaluated Bond's claims that Chase Home has harassed and discriminated against him in violation of 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 3535(d), 3600

3

through 3620. The Court applied well-established principles of law in considering whether Bond's Complaint stated or could state arguable causes of action under the cited provisions, concluding that Bond had not stated arguable claims for relief under 42 U.S.C. § 1983 and the First, Fourth, Fifth, or Fourteenth Amendments to the United States Constitution. Because amendment of the Complaint with respect to such claims would be futile those claims were dismissed. However, Bond was permitted to amend his Complaint with respect to his claims under 42 U.S.C. § 3404 and/or § 3417. There are not substantial grounds for a difference of opinion regarding the questions of law regarding whether Bond stated or could state claims under those provisions.

The Court also dismissed Bond's claim under 42 U.S.C. § 3535(d) concluding that the provision did not appear relevant to Bond's concerns. While the Court did not locate any decisions pertaining to that statute, the determination was straightforward and substantial grounds for a difference of opinion regarding that question of law are unlikely. The Court need not discuss the other § 1292(b) criteria because all of the statutory criteria must be established before the Court can certify any such appeal. *See Ahrenholz*, 219 F.3d at 676.

**Motion for Automatic Stay**

Bond also filed a motion for an automatic stay of the proceedings requesting that the Court direct the Milwaukee County Sheriff to suspend any actions to evict Bond from his home.

Rule 62(a) provides for an automatic stay as follows:

4

> Except as stated in this rule or as otherwise ordered by the court, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. **But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:**
>
> **(1) an interlocutory or final judgment in an action for an injunction or a receivership; . . .**

(Emphasis added.) Thus, by its terms Rule 62(a) excludes injunctive relief from the type of actions where there is an automatic stay. *See* 11 Charles Alan Wright. Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2904 (2d ed. 1995).

Actions for injunctions are addressed by Rule 62(c) which provides in pertinent part: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." *See also* Fed. R. App. P. 8(a) (providing that, where a stay of an injunction pending appeal has been denied by a district court, the request for a stay may be renewed in the appellate court).

A court's decision whether to stay an injunction pending appeal is a discretionary one, guided by consideration of the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties' interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). The party seeking a stay has the burden of proving that these factors warrant a stay. *Id.*

5

The *Hilton* standards generally mirror the factors that the Court considers in deciding whether to issue a preliminary injunction, with an important exception; "[i]n the context of a stay pending appeal, where the applicant's arguments have already been evaluated on the success scale, the applicant must make a stronger threshold showing of likelihood of success to meet his burden." *In the Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997). Thus, to satisfy the first *Hilton* factor, the movant must "demonstrate a substantial showing of likelihood of success, not merely the possibility of success[.]" *Id.* If the movant makes that showing and a showing of irreparable harm in the absence of a stay, then the Court considers all four *Hilton* factors using a sliding scale approach. *Id.* at 1300-01. If the movant fails to make the requisite showing of likelihood of success, or irreparable harm, or both, the analysis must end there and the stay must be denied. *Id.* at 1301.

The first consideration is Bond's likelihood of success on the merits of his interlocutory appeal. The Court applied the principles governing preliminary injunctions and those regarding whether a party has stated an arguable claim for relief. The denial of Bond's request for injunctive relief rests largely on the Complaint's failure to state a claim for relief. In addition, the Court determined that the harms to Chase Home's interests if a preliminary injunction were issued outweighed those claimed by Bond, and the public interest also overwhelmingly favored Chase Home. Having revisited its prior rulings from the perspective of consideration of those issues on appeal, the Court concludes that Bond has not established that he is likely to prevail on the merits of his appeal. Therefore, there is no need to reach the

6

remaining three factors for determining entitlement to a stay. *See id.* ("However, if the movant does not make the requisite showings on either [the likelihood of success or the irreparable harm] factors, the court's inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis.").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Bond's request for permission to file an interlocutory appeal is **DENIED**;

Bond's motion for an automatic stay (ECF No. 14) is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of November, 2012.

BY THE COURT

_____
**Hon. Rudolph T. Randa
U.S. District Judge**